IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. BROWN,

        Petitioner,

   v.                           CASE NO. 11-3147-SAC

DAVID R. MCKUNE, et al.,

        Respondents.

## MEMORANDUM AND ORDER

Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis on seeking a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner was convicted by a jury of first-degree murder, for which the district court imposed a hard 40 life sentence. The murder victim died as a result of blunt trauma to his head by a claw hammer. The jury did not believe petitioner's claim that he struck the victim in self-defense. The Kansas Supreme Court affirmed petitioner's conviction and sentence. *State v. Brown*, 272 Kan. 809 (2001).

Petitioner thereafter filed a motion for post-conviction relief, K.S.A. 60-1507, alleging ineffective assistance of his trial counsel. The Kansas courts denied relief on all claims. *Brown v. State*, 2004 WL 2694255 (Kan.App. 2004)(unpublished), *rev. denied* (2005). Petitioner also filed a motion to correct an illegal sentence, K.S.A. 22-3504, which was denied. *State v. Brown (Brown II)*, 2011 WL 1344637 (Kan.App.2011).

Petitioner now seeks federal habeas corpus on four claims. Having reviewed the record which includes respondent's answer and

petitioner's traverse, the court denies the petition.

**Standard of Review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766 (2010) (citation and internal quotation marks omitted). Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Knowles v. Mirzayance*, 556 U.S. 111, 114 (2009).

A state court decision is "contrary to clearly established Federal law" when the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts. *Id.* at 407-08. Likewise, a state court unreasonably applies federal law when it

either unreasonably extends, or refuses to extend, a legal principle from Supreme Court precedent where it should apply. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir.2008).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). To obtain relief, a petitioner must show that "the state court's decision must have been not only incorrect or erroneous but objectively unreasonable." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005)(internal quotation marks, brackets, and citations omitted).

### Discussion

Petitioner seeks federal habeas corpus relief on four claims.

**Answer to Jury Question**

Petitioner first alleges his constitutional right to a fair trial was violated when the trial court answered a jury question without petitioner being present. During their deliberations, the jury sent a question to the court asking for the definition of premeditation. The district court judge responded with a written answer directing the jury to the instructions which included a definition of that term. Petitioner was not present when the district court judge reviewed and responded to the jury's question, and contends this violated his constitutional right to be present at all critical stages of his trial.

Petitioner raised this issue in his direct appeal. The Kansas Supreme Court found any error in petitioner not being present was

harmless under the facts of the case. It noted that referring the jury to an approved pattern instruction already included in the jury instructions was correct as a matter of Kansas law. *Brown*, 272 Kan. at 813-14. Additionally, court records established that defense counsel was present in the judge's chambers when the jury's question was reviewed, and lodged no objection to the district court's written response. *Id*.

The Supreme Court has established that a criminal defendant has a fundamental right to be personally present at all critical stages of his trial. *Rushen v. Spain*, 464 U.S. 114, 117 (1983). A jury question is tantamount to a request for further instructions, and thereby presents a critical stage at which a defendant has the right to be present. *Rogers v. United States*, 422 U.S. 35, 39 (1975). However, the due process clause requires a defendant's presence "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *United States v. Gagnon*, 470 U.S. 522, 526 (1985). "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *Hale v. Gibson*, 227 F.3d 1298, 1311 (10th Cir.2000)(quoting *Stincer*).

While the Kansas Supreme Court relied on harmless error and did not specifically find petitioner's absence during the district court's review and response to the jury's question prevented a fair and just hearing, the record makes clear that the state court's decision to deny relief on this claim did not involve an unreasonable application of clearly established Supreme Court law. *See United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1110 (9th Cir.2002)

(delivery of supplemental jury instruction is critical stage for which defendant's presence or that of counsel is constitutionally required). *See also Mathis v. Bruce*, 148 Fed.Appx 732, 738-39 (10th Cir.2009)(state court presumed trial court's formulation response to a jury question had been a "critical stage" but found the defendant's absence was harmless error; federal habeas court correctly determined this was not an unreasonable application of federal constitutional law where the defendant's input would not have changed outcome)(unpublished).

The court thus finds petitioner has made no showing that he is entitled to relief on this claim.

**Sufficiency of the Evidence**

Petitioner next claims there was insufficient evidence of premeditation to support his conviction.

A criminal defendant has a federal due process right against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Jackson v. Virginia*, 443 U.S. 307, 314 (1979)(citation omitted). When reviewing the sufficiency of the evidence in a habeas corpus action "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

In petitioner's direct appeal, the Kansas Supreme Court restated and applied this constitutional standard, finding a rational factfinder could have found beyond reasonable doubt that the killing was premeditated. *Brown*, 272 Kan. at 814-15. In detailing the evidence favorable to the prosecution, it noted evidence that would

allow a factfinder to reasonably infer that the victim was helpless and that Brown had not acted from provocation. The victim was attacked with a hammer where he had been sleeping, there were no defensive injuries or evidence that the victim had been able to ward off the blows, and the final blow was delivered after Brown left the house and returned to hit the victim one more time. *Id*. at 815.

Having reviewed the record, the court finds this state court determination was neither a contrary or unreasonable application of *Jackson*, nor an unreasonable determination of the facts in light of the evidence presented at trial. Petitioner is thus entitled to no relief on this claim.

**Cautionary Jury Instruction – Informant Testimony**

Petitioner next argues he was denied a fair trial because the trial court judge did not give the jury a cautionary instruction regarding informant testimony. The Kansas Supreme Court rejected this claim in petitioner's direct appeal, finding there had been no informant, within the meaning of pattern instruction, who testified in petitioner's trial. *Id.* at 815. Accordingly, respondents contend petitioner is entitled to no relief on this claim.

In his reply to respondents' answer, petitioner admits his use of "informant" in regard to eyewitness testimony was in error, and modifies his claim to assert that he was denied due process because the trial judge failed to caution the jury about perjured testimony and deals granting immunity in exchange for eyewitness testimony in petitioner's case. However, petitioner never presented this modified claim to the state courts for review, and is now precluded from doing so. Accordingly, federal habeas review of petitioner's modified claim is barred by petitioner's procedural default. *Coleman*

*v. Thompson*, 501 U.S. 722, 749 (1991). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006)(if state court remedies are no longer available, the prisoner's procedural default generally functions as a bar to federal habeas review).

**Hard 40 Life Sentence**

For his final claim, petitioner contends there was insufficient evidence to support his hard 40 life sentence.

A sentence of life imprisonment was imposed for petitioner's conviction. Pursuant to Kansas law, the sentencing court determined that petitioner would not be eligible for parole for 40 years because the two aggravating circumstances found by the court (that Brown knowingly or purposely killed or created great risk of death to more than one person; and that Brown committed the crime in an especially heinous, atrocious, or cruel manner) outweighed the one mitigating circumstance in petitioner's case (Brown's lack of a significant criminal history).[1]

The Kansas Supreme Court found that a rational factfinder could have found by a preponderance of the evidence that Brown killed the victim in an especially heinous, atrocious, or cruel manner.[2] *Brown*, 272 Kan. at 817. There was evidence that Brown hit the victim in the head with the claw end of a hammer eight or nine times, that two blows broke the victim's skull, and that one blow penetrated the victim's brain. *Id.* There also was witness testimony that while the victim was conscious and crawling on the floor after being struck, Brown left

---

[1]*See* K.S.A. 21-4635(b) ("If a defendant is convicted of murder in the first degree based upon the finding of premeditated murder, the court shall determine whether the defendant shall be required to serve a mandatory term of imprisonment of 40 years…")[now codified as K.S.A. 21-6620(b)].

[2]*See* K.S.A. 21-4635(c) [now codified as K.S.A. 21-6620(c)]; *State v. Spain*, 263 Kan. 708 (1998)(State bears the burden of proving aggravating factors for hard 40 sentence by preponderance of the evidence).

the house, came back in, tried to pick up the victim and verbally encourage him, and then began hitting the victim with the hammer again with more force. *Id.*

While the Kansas Supreme Court found insufficient evidence supported the second aggravating factor,*id*. at 818-22, it upheld the hard 40 sentence because the sole mitigating circumstance clearly did not outweigh the overwhelming disparity between it and the one remaining aggravating circumstance. *Id.* at 822.

Petitioner now challenges the state court's determination that that the crime was committed in an especially heinous, atrocious, or cruel manner. However, petitioner's allegation of error by the state court in construing and applying a noncapital state sentencing statute presents no basis for federal habeas relief. *See Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A state trial court's sentencing decision is to be afforded wide discretion, and "challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir.2000). Petitioner makes no such showing in this case. The court thus finds petitioner is entitled to no relief on this final claim.

Finding petitioner has not established any constitutional error in his state conviction or sentence, the court denies the petition.

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of

appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See United States v. Bedford*, 628 F.3d 1232 (10th Cir.2010). Petitioner has not met this standard as to any issue presented, so no certificate of appealability shall be granted.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is denied.

**IT IS SO ORDERED.**

DATED: This 6th day of March 2013 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge